**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA,**
**Atlanta Division**

| | |
|---|---|
| **Myrna Clayton,** **Abel II, Inc. by its Trustee Myrna Clayton** | **CIVIL ACTION** |
| **PLAINTIFFS,** | **FILE NO:  1:10-cv-00571-TCB** |
| **V.** | |
| **US BANK N.A. AS TRUSTEE FOR RASC2005KS11;** | |
| **TRANSLAND FINANCIAL SERVICES INC.;** | |
| **GMAC MORTGAGE LLC;** | |
| **HOMECOMINGS FINANCIAL SERVICES LLC;** | |
| **MCCURDY AND CANDLER LLC, ANTHONY DEMARLO ESQ.;** | |
| **MORTAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS),** | |
| **Defendants** | |

_____

**PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S AND RECOMMENDATION**

_____

COMES NOW, Plaintiff and asks the court to reconsider the magistrate judge's report and recommendation and files these objections, as authorized by Federal Rule of Civil Procedure 72(b).

## A. Introduction

1. Plaintiffs are Myrna Clayton, Abel II, Inc. by its Trustee Myrna Clayton,[1] by and through her counsel.

   Defendants are US BANK N.A. AS TRUSTEE FOR RASC2005KS11; TRANSLAND FINANCIAL SERVICES INC.; GMAC MORTGAGE LLC; HOMECOMINGS FINANCIAL SERVICES LLC; MCCURDY AND CANDLER LLC, ANTHONY DEMARLO ESQ.; MORTAGE ELECTRONIC  REGISTRATION SYSTEMS, INC. (MERS)

2. Plaintiffs in their initial Complaint sued Defendants in the Superior Court of Fulton County for Wrongful Foreclosure, Fraud, and Accounting/Failure to Disclose, Dishonor in Commerce, Conversion, Civil RICO, Breach of Contract/Theft, and Damages.

3. Defendants GMAC Mortgage LLC. Homecomings Financial, Mortgage Electronic Registration Systems, and US Bank N.A. filed a Notice or Removal on March 1, 3010 to this Honorable Court.

4. A Motion to Dismiss was filed by the named Defendants and a Motion to Suspend Discovery Deadlines Pending Resolution of Defendants Motion to Dismissed was filed.

5. An Order was entered by the Magistrate Judge Susan S. Cole

---

[1] Myrna Clayton, Abel II, Inc. by its Trustee Myrna Clayton hereinafter "Plaintiff" or "Ms. Clayton"

suspending and staying Discovery Deadlines until 30 days after the District Court's ruling on the Defendant's Motions to Dismiss.

6. On April 16, 2010, the court transferred Defendants Motions to Dismiss to Magistrate Judge Susan S. Cole for a ruling. (The record does not reflect that Plaintiffs' Response in Opposition filed March 29, 2010 was submitted to the Magistrate Judge.)

7. Magistrate Judge Susan S. Cole ruled on the motion on January 26, 2011 and in her ruling she recommended that Defendants' motions be granted.

8. Plaintiffs file these objections to the Magistrate Judge's recommendation.

## B. Argument

9. If a party timely objects to the Magistrate Judge's recommendation or findings, the District Court must make a de novo determination of the objectionable portions of the recommendations or findings, in whole or in part. **28 U.S.C. §636(b) (1); Fed. R. Civ. P. 72 (b)**. The District Court may then accept, reject, or modify the recommendations or findings, in whole or in part. **28 U.S.C. §636(b) (1); Fed. R. Civ. P. 72 (b)**. The court may also receive additional evidence or recommit the matter to the

Magistrate with additional instructions. **28 U.S.C. §636(b) (1); Fed. R. Civ. P. 72 (b).**

A. **Plaintiffs' Complaint States a Claim Upon Which Relief Can Be Granted and Plaintiffs are entitled to a Jury Trial as to Damages**

Plaintiffs object to the Magistrate Judge's finding that Plaintiffs' complaint in its entirety fails to state a claim upon which relief can be granted.  And the applicable standards that the Magistrate applied was **Fed. R. Civ P. 8 (a)(2)**.

It is vital to remember that this case came from Superior Court of Fulton County Georgia whose **Rules are Notice Pleadings: O.C.G.A. 9-11-8.**

Notice pleading is a pleading that is characterized as a simplified description sufficient to give notice of a claim or defense rather than by a technical account of any facts pertinent to the claim or defense.

As a result of **Georgia Rules of Civil Procedures O.C.G.A. 9-11-8**, Plaintiffs are allowed to develop relevant facts in the case through Discovery and amend complaint as necessary.  Plaintiffs filed Discovery with their Complaint indicating pre-trial Discovery was needed in order to adequately prepare their case. Specifically, Plaintiffs' First Request for

Production and First and Second Requests for Admissions to named Defendants which were to be answered within 45 days of service was filed on January 22, 2010 with the Complaint. By removing this case to Federal Court, the proceedings in Superior Court were stayed. Defendants, immediately upon removal, filed a motion to dismiss and a subsequent joint motion to suspend deadlines and discovery pending resolution of their motion to dismiss complaint filed March 22, 2010.  At the time of Defendants' filing their motion to suspend deadlines and discovery, Plaintiffs' discovery was due.  However, this Honorable court granted Defendants' motion to suspend and further extended the deadline until 30 days after the District Court's ruling on the pending motion to dismiss.  Said actions circumvented the Superior Court discovery rules, prevented Plaintiffs from exercising their right to Discovery and prevented Plaintiffs from facts in support of their claim which would show proof of the facts which entitle their to relief by this court or any other Court of law.

In a similar case, US Supreme court noted that pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants.  They should not raise barriers which prevent the achievement of that end.  **Maty v. Grasselli Chemical Co. 303 U. S. 197 (1938).**  In light of this, Defendants' motion to dismiss and stay of discovery

**raised a barrier** that prevented Plaintiffs from getting to the truth through

Discovery and preventing substantial justice.

Notice pleading is allowed under the Federal Rules of Civil Procedure

and in a majority of states. The Rule of Decisions Act **("RDA")** requires

federal courts to apply state law unless the Federal Constitution, a federal

law, or a treaty is on point, in other words, when there is federal question.

Georgia Statute for Civil Pleading under **O.C.G.A. 9-11-8** states;

> Notice Pleading: Basic premise of new Civil Practice Act is that it does
> away with "issue pleading" and substitutes "notice pleading." **Byrd v.
> Ford Motor Co. 118 Ga. App 33 (2), 163 S.E. 2d 327 (1968).** Petition
> should not be dismissed for failure to state claim unless it appears
> beyond doubt that plaintiff can prove no set of facts in support of his
> claim which would entitle him to relief.  In explaining this rule, the
> Fifth Circuit Court Appeals has said: "We have, however, pointed out
> that this does not mean that there must necessarily be a full-blown trial.
> Exploiting the wonderful facility pre-trial discovery, the real facts can
> be ascertained and by motion for summary judgment (or other suitable
> device), the trial court can determine whether as a matter of law there is
> any right of recovery on those facts." Id 333 (2)

To sustain a motion to dismiss, it must be said beyond a doubt that the

Plaintiff cannot prove any set of facts that would entitle her to any relief.

The allegations in Plaintiffs' Complaint are presumed to be true at this

stage, and all reasonable factual interferences must be construed in

Plaintiffs' favor.

In **Mooney v Mooney, 235 Ga. App 117 (1998),** the Court of Appeals of Georgia reinstated the following standard of review for a motion to dismiss for failure to state a claim:

> A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof, and (2) the movant establishes that the claimant could not possible introduce evidence within the framework of the complaint to warrant a grant of the relief sought.  In deciding a motion to dismiss, all pleadings are to be construed most favorably, to the party who filed them, and all doubt regarding such pleadings must be resolved in the filing party's favor.

**<u>Id.</u> As a practical matter, this standard required the Court to "accept as true all well pled material allegations in the complaint.  Cummingham v. Gage, 301 Ga. App. 306, 686 S.E. 2d 800.**

Moreover, the Plaintiff need not "plead in the compliant facts sufficient to set out each of a cause of action so long as it puts the opposing party on reasonable notice of the issues that must be defended against." **TechBios. Inc. v. Champagne, 301 Ga. App. 592, 593, 688 S.E. 378, 389 (2009).**

B. <u>**Plaintiffs' Complaint for Wrongful Foreclosure States A Cause of Action and Plaintiff are entitled to Damages**</u>

Plaintiffs object to the Magistrate Judge's finding that Plaintiffs' Complaint for Wrongful Foreclosure does state a cause of action.  At the

heart of this dispute, there is at issue the allegation of a default and the validity/identity of the creditor that is in possession of Plaintiff's Note.

To address these issues, it is important to recognize that a Note is a negotiable instrument, not a Security Deed, and that the holder of a Note (not a Security Deed) is the only one with the right to collect the debt. A Security Deed is a contract where in collateral is specified in exchange for an alleged loan associated with the promissory note. There is a wrong assumption that a Note and a Security Deed are joined and are both negotiable.

Relevant and material in this case **is** whether the Defendant is the proper creditor. The proper creditor **must** have possession of the Note in order to receive payment of the debt.

The Plaintiff **filed a verified complaint** alleging that the Defendant who foreclosed was not and is not the secured party and the true holder of the Plaintiff's Note (the proper creditor).

The record is void of any evidence of Transland Financial Services Inc. (the original secured Lender) transferring its Note or Security Deed to any entity.  Thus, the Defendant's advertisement of Sale Under Power of Deed as holder of the Note was erroneous, invalid and false and is in violation Georgia's foreclosure statutes**.  McCarter v. Bankers Trust Co**. **543**

**S.E.2d 755, 758 (Ga. App. 2000)** (explaining that "a violation of the [foreclosure] statute is necessary to constitute a wrongful foreclosure" and citing **O.C.G.A. §§ 23-2-114 and 44-14-160 et seq.**

Further, the Court of Appeals of Georgia in **Sears Mortgage Corporation et al. v Leeds Building Products, Inc. , 219 Ga. App. 349, 464 S.E. 2d 907** states that " it is not necessary that the foreclosure to be completed to bring an action for wrongful foreclosure.  The fact that Leeds initiated foreclosure proceedings by advertising the properties for sale is sufficient to support a claim for wrongful foreclosure". (Leeds advertised the property without a right to do so).

In Plaintiffs' case, Plaintiffs' Complaint refutes that there was a debtor/creditor relationship between Plaintiffs and Defendants who foreclosed. The advertisement, letters and the notices of foreclosure failed to identify the creditor nor can Defendants and each of them refute Plaintiffs' claim that they were not Plaintiff's creditor who held the note upon which the debt was based and could not lawfully collect any debt upon which the Deed to Secure Debt.

Therefore Plaintiffs are entitled to a trial upon the issue of fact as to whether or not there was a wrongful foreclosure and the Magistrate Judge erred in dismissing Plaintiffs' Wrongful Foreclosure claim.

Defendant's evidence as documented by the Magistrate Judge (noted in her recommendation on page 3 and as Ex.C within Ex R to Doc 1 at paragraph 1) indicated that Transland Financial Services Inc. (the original secured Lender) was dissolved as of June 25, 2008.  Plaintiffs' Exhibit H shows that on July 21, 2009, US Bank N.A (not Transland Financial Services, Inc.) allegedly assigned the Note and Security Deed to Mortgage Electronic Registration Systems, Inc. (MERS). The record is void as to any transaction between Transland Financial Services Inc. and US Bank N.A. or any entity.  In the chain of title there must be some transfer of the Note and Security Deed from Transland Financial Services Inc. in order to establish ownership and thereby have the authority to proceed to a valid foreclosure.

Until and unless Defendants can prove that they are the secured creditor who own both the Note and the Security Deed at the time of the advertisement of the property and the sale, then there is a violation of the foreclosure statute necessary to constitute a wrongful foreclosure. **O.C.G.A §44-14-162.**

Plaintiffs by their evidence attached to the complaint indicate wrongful foreclosure  (e.g. Exhibit D: Letter to Plaintiff from Defendant listing MERS as the creditor, Exhibit E: Identifying MERS as the creditor, Exhibit G: Note given to Transland Financial Services Inc., and Exhibit H: Assignment of a

Note and Security Deed Given to US Bank to MERS). Again, no where in the records is there evidence of Transland Financial Services transferred its Note or Security Deed to any entity.

This statute must be strictly adhered to. **Taylor v. Thompson 158 Ga. App. 671, 672 (282 S.E. 2D 157) (1981)**. The power of sale in a Security Deed cannot be invoked or exercised by a stranger. The terms of the Security Deed restrict its exercise to the grantee.

Plaintiffs have shown that neither Mortgage Electronic Registration System Inc. (MERS), GMAC, nor US Bank is the secured creditor of the Note or Security Deed. The Magistrate Judge proposed findings of fact are erroneous in that there is nothing in the record in the chain of title that indicate that Mortgage Electronic Registration System Inc. (MERS), GMAC, nor US Bank received from Transland Financial Services, Inc. that would entitle them to foreclose. Plaintiffs show at most MERS (Mortgage Electronic Registration System Inc.) was only a "Nominee" for the Lender Transland Financial Services, Inc. and could not without authority from the Lender transfer any right to anyone. As further proof Transland Financial Services, Inc. was Dissolved in June 25, 2008 and the assignment upon which the foreclosure was based was assigned to the foreclosing entity Mortgage Electronic Registration System Inc. (MERS) in July, 2009.

Further, foreclosure proceedings cannot be instituted or conducted by one without a legally cognizable interest in the property. **Pindar & Pindar, Ga. Real Estate Law & Procedure (4ᵗʰ ed.), 19-84; see also O.C.G.A. §44-14-162(b)**. The notice must include the proper creditor and the correct amount owed that is allegedly in default as required by **O.C.G.A. §9-13-140(a).**

Consistent with The Supreme Court of Georgia from a ruling from the Superior Court of Fulton County **Groover v. Peters, 231 Ga. 531, 202 S.E.2d 413 (Ga. 1973)** set out the following which confirms Plaintiff Myrna Clayton was within her rights to demand the note as a condition of settlement**:**

> **The maker of a negotiable note and security deed must determine at the time of payment whether the payee is the holder of the instrument or the authorized agent of the holder in order to protect himself against liability for double payment. If the original grantee has assigned the instrument to another, who is a holder in due course, the burden rests with the maker to determine same and pay only the holder or his authorized agent. See *Wilcox, Gibbs & Company v. Aultman, 64 Ga. 544; Walton Guano Company v. McCall, 111 Ga. 114, 36 S.E. 469; Bank Of The University v. Tuck, 96 Ga. 456, 465, 23 S.E. 467.* ..........The long and short of the matter is that the borrower must be as careful in repaying the debt as the lender presumptively was in making the loan.**

It is Plaintiff's responsibility is to know who her secured creditor is and the true amount owed on the note. In Plaintiff's case, multiple assignments

have occurred and one of the assignments was to the entity MERS which

Federal rulings have consistently found that MERS cannot act as a creditor

and therefore has no authority to foreclosure.

Many states including Vermont, Kansas, Arkansas, Idaho, Washington,

and South Carolina hold MERS to its affirmative representations in

mortgage instruments and nullify its purported attempt to expand its stated

limited authority. It is hoped that other states will adopt this well-reasoned

opinion just as the Vermont opinion adopted well-reasoned decisions from

Kansas, New York, Idaho and other jurisdictions.[2]

> As MERS has no authority because it lacks an ownership in the
> mortgage instrument (which ownership interest was, on a massive
> scale, transferred into tranches of securitized mortgage loan trusts in
> connection with the creation of mortgage-backed securities, a/k/a
> "mortgage pass-through certificates"), MERS cannot "assign" anything
> as it never owned the thing which it purports to assign.[3]

The U.S. Bankruptcy Court for the District of Idaho understands the

distinction. In the case of **In Re: Wilhelm et al.**, Case No. 08-20577-TLM

(opinion of Hon. Terry L. Myers, Chief U.S. Bankruptcy Judge, July 9,

2009), Chief Federal Bankruptcy Judge Myers analyzed the decisional law

---

[2] Jeff Barnes, Esq., www.ForeclosureDefenseNationwide.com

[3] The 19-page decision in **MERS v. Johnston et al**., Rutland Superior Court Docket No. 420-6-09, is a literal treatise of MERS law from recent decisions around the United States including the Kansas decision in **Landmark National Bank v. Kesler** see also **In Re Joshua and Stephanie Mitchell**, Case No. BK-S-07-16226-LBR in The U.S. Bankruptcy Court for the District of Nevada

as to MERS' purported standing to assign the Note where MERS was nothing more than the "nominal beneficiary" under the Deed of Trust. The Court concluded that even if MERS is granted authority to foreclose if required by "custom or law" (as set forth in the Deed of Trust), this language does not, either expressly or by implication, authorize MERS to transfer promissory notes.

The Court cited to the cases of *Saxon Mortgage Services v. Hillery*, 2008 WL 5170180 (N.D. Cal., Dec. 9, 2008) and *Bellistri v. Ocwen Loan Servicing, LLC*, 2009 WL 531057 (Mo. Ct. App. March 3, 2009) as being in accord, holding that MERS presents no evidence as to who owns the note or of any authorization to act on behalf of the present owner of the note. Both cases were effectively dismissed (*Hillery* by outright dismissal; *Bellistri* by summary judgment), finding that there was no standing as there was no authority for the MERS assignment of the note. The Wilhelm Court quoted the pertinent portion of the Bellistri opinion:

> "The record reflects that BNC was the holder of the promissory note. There is no evidence in the record or the pleadings that MERS held the promissory note or that BNC gave MERS the authority to transfer the promissory note. MERS could not transfer the promissory note; therefore the language in the assignment of the deed of trust purporting to transfer [the] promissory note is ineffective."

The Plaintiff has every reason to believe that the original Note was satisfied based on the copy of the Transland Financial Services, Inc. Specifically in Plaintiffs' case, Transland Financial Services, Inc. was the lender and at no time has Plaintiff nor Transland Financial Services Inc. given MERS any rights to Plaintiff's note. Therefore, any assignment by MERS of Plaintiff's note was invalid. And an assignment of Plaintiff's note to MERS as a creditor has been upheld in federal court as being invalid and their findings that MERS cannot operate in that capacity.

C. **Plaintiffs' Complaint of Accounting/Failure to Disclose and Dishonor in Commerce indicates a violation of the Georgia Foreclosure Statutes**

Plaintiffs object to the Magistrate Judge's finding that Plaintiffs' Complaint of Accounting/Failure to Disclose and Dishonor in Commerce does not violate the Georgia foreclosure statutes. Her interpretation and finding of fact that "nothing in Georgia requires a lender commencing foreclosure proceedings to produce the original note" is erroneous. In Georgia law, the notice must include the correct amount owed that is allegedly in default as required by **O.C.G.A. §9-13-140(a).**

It is Plaintiffs' responsibility is to know the amount owed and the proper party to whom it is owed. There has been no accounting establishing

a default amount.  An accurate accounting could have been developed had Discovery been allowed to proceed.  Again, the Plaintiffs filed Discovery with their Complaint indicating pre-trial Discovery was needed in order to adequately prepare their case. Had Plaintiffs been allowed to get to Discovery, Plaintiffs would have been able to prove the case showing that Defendants do not have the note and Defendants, their agents and employees were not legally entitled to foreclose. By sworn affidavit, Plaintiff Myrna Clayton alleged that Defendants did not have Plaintiff's note and Defendants did not have the right to make a demand for payment nor allege a default of payment in order to foreclose on Plaintiff's property.

The Magistrate Judge erred in accepting Defendants bare allegations over Plaintiff's verified complaints. And in making a determination without sufficient facts that could have been determined in Discovery.

D. **Plaintiffs' Complaint of Violation of the FDIC indicates a violation of the Federal Debt Collection Practice Act.**

Plaintiffs object to the Magistrate Judge's finding that Plaintiff's complaint fails to disclose or plead a violation of the Federal Debt Collection Practice Act.  The Magistrate Judge failed to consider the Debt Collection Letter sent by attorneys MCCURDY AND CANDLER, LLC. sent to Plaintiffs which stated and attempted to notify them that they were

attempting to collect a debt. It is to be noted that there is a genuine issue as to whether or not McCurdy and Candler, LLC. and Mortgage Electronic Registration System, Inc. (MERS) and the other are legitimate debtors. Plaintiffs dispute that they are its debtors which creates a genuine issue of law and fact to be determined by a jury.

The Magistrate Judge erred in making the determination of fact that Defendants in this case were not debt collectors because they were attempting to collect their own debt from Plaintiff and citing case law to justify such position when the facts as to the truth of this is in dispute.

Plaintiffs had they been allowed to conduct discovery would have proved that McCurdy and Candler, LLC's notice to Plaintiff was void and that the "Notice of Sale" (Plaintiffs "Exhibit E" and "Exhibit D") whereas they stated that the party in possession of the collateral who they alleged to be their clients possessed the State of Georgia's recognized beneficiary rights to a power of sale and was seeking to repossess such rights at the time of sale when they had no lawful right to the recovery of any asset by foreclosure. By making formal assertions in the notice of sale, such as said Defendants and each of them made incorrect material statements under the Fair Debt Collections Practices Act, which is a fraud against the title holder and a causation for slander of title and incurs undue liability for government

agencies such as the FDIC in  making incorrect statements in said communications to Plaintiff  that by "virtue of the Power of Sale contained in a Security Deed given by  Plaintiff Myrna Clayton to Mortgage Electronic Registration System Inc. " the creditor" constitute incorrect material statements under the Fair Debt Collections Practices Act  and said fraud is inside of the statute of limitations in that the fraud did not occur until the dates of the letters and communications in Plaintiffs  "Exhibits D and E" .

According to information and belief Plaintiffs note was awarded under a receivership and yet is still unclaimed for accounting rule and Defendants and each of them lacked complete and competent standing and had no legal right to foreclose purposes.  The Magistrate's interpretation and finding of fact that "nothing in Georgia requires a lender commencing foreclosure proceedings to produce the original note" is erroneous especially since the foreclosure was contested and upon no sworn affidavit presented by either of the Defendants.

### C. Conclusion

7.    Because the Magistrate Judge's recommendation are erroneous, Plaintiff asks the court to:

   a) Reject Magistrate Judge's recommendations

   b) Lift the order suspending deadlines and discovery, and;

c) Allow discovery to proceed in accordance with Federal Rules of

   Discovery.

d) And in order to ensure justice, since none of the Defendants have filed

   an answer nor responded to Plaintiffs' First and Second Requests for

   Admission nor First Request for Production, allow Plaintiffs to conduct

   Discovery and order Defendants to comply with Discovery,

e) After Defendants have answered and complied with Plaintiffs'

   Discovery served with Plaintiffs' Complaint, grant Plaintiffs leave to

   amend their complaint which should be freely given when justice so

   requires. **Fed. R. Civ. P. 15(a)**


Respectfully submitted this 7th day of February, 2011

                                    /s/ Louise T. Hornsby
                                    Louise T. Hornsby,
                                    **Attorney for Defendant**
                                    State Bar No.:  367800

2016 Sandtown Rd., S.W.
  Atlanta, GA  30311
    (404) 752-5082

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this 7th day of February, 2011, I electronically filed the foregoing PLAINTIFFS' AMENDMENT TO COMPLAINT with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following:

**GMAC MORTGAGE LLC**
and
**HOMECOMINGS FINANCIAL SERVICES, LLC**
and
**MORTAGE ELECTRONIC REGISTRATION**
    **SYTEMS, INC. (MERS)**
and
**US BANK N.A. AS TRUSTEE FOR RASC2005KS11**
 *individually and collectively*
Represented by:
 c/o  Alan William Loeffler, Esq.
Troutman Sanders
Bank of America Plaza
600 Peachtree St. NE Ste 5200
Atlanta, Georgia  30308

c/o  Kelly Lane Atkinson, Esq.
Troutman Sanders, LLP-ATL
Bank of America Plaza
600 Peachtree St. NE Ste 5200
Atlanta, Georgia  30308

**ANTHONY DEMARLO**
and
**MCCURDY AND CANDLER, LLC**
 *individually and collectively*
Represented by:
c/o Frank Reid Olson
3525 Piedmont Rd. NE
Atlanta, Georgia  30305

c/o John Dale Andrle
3525 Piedmont Rd. NE
Atlanta, Georgia  30305

Respectfully submitted this 7th day of February, 2011.

HORNSBY & ASSOCIATES

/s/ Louise T. Hornsby
Louise T. Hornsby, Esq.
Georgia Bar No. 367800
Attorney for Plaintiffs

2016 Sandtown Road
Atlanta, Georgia 30311
(404) 752-5082
(404) 758-5337 fax

# <u>CERTIFICATE OF COMPLIANCE</u>

This is to certify that this document was prepared in Times Roman, 14 point font that complies with this Court's Rules.

Respectfully submitted this 7th day of February, 2011.

HORNSBY & ASSOCIATES

<u>/s/ Louise T. Hornsby</u>
Louise T. Hornsby, Esq.
Georgia Bar No. 367800
Attorney for Plaintiffs

2016 Sandtown Road
Atlanta, Georgia 30311
(404) 752-5082
(404) 758-5337 fax